UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ANTHONY J. GALLAGHER, | ) | |
| | ) | |
| DEBTOR. | ) | CASE NO. 23-05418 |
| | ) | |
| PATRICK S. LAYNG | ) | |
| UNITED STATES TRUSTEE, | ) | ADV. NO. |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | |
| ANTHONY J. GALLAGHER, | ) | |
| | ) | |
| DEFENDANT. | ) | HON. JANET S. BAER |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND FOR OTHER RELIEF**

NOW comes Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by his attorney, Spencer Ezell, and for his Complaint Objecting to Debtor's Discharge (the "**Complaint**") and states:

**JURISDICTION**

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) and in the event this is a non-core proceeding, Plaintiff consents the to the entry of a final order by the bankruptcy court.

3. Plaintiff, Patrick S. Layng, is the duly appointed United States Trustee for Region 11 under 28 U.S.C. § 581(a)(11) (hereinafter referred to as the "**U.S. Trustee**"). The U.S. Trustee maintains his principal place of business at 219 S. Dearborn St., Room 873, Chicago, Illinois, within this district.

1

4. The defendant, Anthony J. Gallagher (hereinafter "**Defendant**"), resides within this district.

5. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the duty to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*

6. Pursuant to 11 U.S.C. §§ 307 and 727(c)(1), the U.S. Trustee has standing to bring this complaint.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

8. The last day for the U.S. Trustee to object to Defendant's discharge has been extended to April 8, 2024. Therefore, this Complaint is timely filed.

## BACKGROUND

### I. Defendant's Bankruptcy Cases

9. On January 5, 2023, the Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code bearing case number 23-00103 (the "**First Case**").

10. On January 20, 2023, the Defendant filed an amended petition, schedules, statement of financial affairs (the "**SOFA**").

11. The Defendant signed his bankruptcy petition, amended petition, schedules, and SOFA in the First Case under penalty of perjury.

12. Gina Krol (the "**Trustee**") was appointed as the Chapter 7 Trustee in the First Case.

13. In his Schedule A/B, Defendant represented, *inter alia*, that as of the filing of the First Case he possessed:

   a. One motor vehicle, a 2009 BMW X5 with a value of $5,500 (Line 3.1);
   b. "Misc Household Goods and Furniture" with a value of $700 (Line 6);
   c. "Cellular Phones and Electronic Items" with a value of $475 (Line 7);
   d. "Personal Clothing of the Debtor" with a value of $350 (Line 11);

2

  e. "Rings and Jewelry Items" with a value of $150 (Line 12);
  f. Two checking accounts: one at BMO Harris with a balance of $200 and one at "Bank" with a value of $100, and one savings account at "Bank" with a value of $100 (Line 17);
  g. IRA with a value of $12,000 (Line 21);
  h. "Business Equipment or Supplies" with a value of $5,000 (Line 39).

14. Schedule E/F in the First Case reflected $437,096 in unsecured debt. All of the unsecured debt listed in the First Case was incurred subsequent to February 2020 or had no date listed.

15. In the First Case, the U.S. Trustee sent three e-mails to the Defendant's counsel, John Lynch ("**Lynch**") requesting certain financial documents. In response to the last e-mail, Lynch replied "Will do, thank you."

16. The U.S. Trustee never received any of the requested financial documents. The Trustee filed a motion to dismiss the First Case due to the fact the Defendant failed to appear at the meeting of creditors, failed to provide required financial information, and failed to provide proof of identity or verification of Social Security number.

17. The First Case was dismissed on the Trustee's motion on March 31, 2023.

18. On April 25, 2023, the Defendant filed the instant case under Chapter 7 of the Bankruptcy Code (the "**Petition Date**"). *See dkt. 1*.

19. Contemporaneous with the filing of his Petition, the Defendant filed his Schedules and SOFA. *Dkt. 1*.

20. The Defendant signed his Petition, Schedules, and SOFA under penalty of perjury.

21. Gina Krol was again appointed as the Chapter 7 Trustee in this case.

## II. Defendant's Current Schedules and SOFA

22. In his Schedule A/B, Defendant represented, *inter alia*, that as of the Petition Date he possessed:

    a. One motor vehicle, a 2009 BMW X5 with a value of $5,500 (Line 3.1);
    b. "Misc Household Goods and Furniture" with a value of $700 (Line 6);
    c. "Cellular Phones and Electronic Items" with a value of $475 (Line 7);
    d. "Personal Clothing of the Debtor" with a value of $350 (Line 11);
    e. "Rings and Jewelry Items" with a value of $150 (Line 12);
    f. Two checking accounts: one at BMO Harris with a balance of $200 and one at "Bank" with a value of $100, and one savings account at "Bank" with a value of $100 (Line 17);
    g. IRA with a value of $12,000 (Line 21);
    h. "Business Equipment or Supplies" with a value of $5,000 (Line 39).

23. In his SOFA, the Defendant reported gross income of:

    a. $71,061 for 2021;
    b. $22,000 for 2022; and
    c. $2,500 for 2023 through the Petition Date.

24. Schedule I reflects the Defendant is self-employed and earns $1,308 in net monthly business income and $1,600 in unemployment compensation. *See dkt. 1, pg. 28, Schedule I.*

25. Schedule E/F reflects the Defendant has $390,868 in unsecured claims. All of the unsecured debt listed was incurred subsequent to February 2020 or had no date listed. *See dkt. 1, pgs. 21-24.*

26. An attachment to Schedule I reflects the Defendant's employers are To The Next Level, Inc., Naperville Athletic Center, Inc., and T & M Restorations, Inc. *See dkt. 1, pg. 29.*

27. The SOFA, question 15, indicates the Defendant did not have any losses in the year before the bankruptcy case. *See dkt. 1, pg. 36.*

28. The SOFA, question 27, indicates the Defendant had an ownership interest in Naperville Athletic Center, Inc. and To The Next Level, Inc. *See dkt. 1, pg. 38.*

29. On June 2, 2023, the U.S. Trustee sent an e-mail to Lynch requesting certain financial documents from the Defendant by June 9, 2023. The U.S. Trustee did not receive any documents responsive to that e-mail.

4

### III.   Plaintiff's Subpoena and the Court's Order Compelling Compliance

30. On July 19, 2023, the U.S. Trustee filed a Motion for Rule 2004 Examination and this Court granted the motion on July 28, 2023. *See dkt. 19*.

31. On August 9, 2023, the U.S. Trustee issued a subpoena (the "**Subpoena**") on the Defendant requesting he produce certain financial documents by September 6, 2023, including:

(1) Copies of the Debtor's wage statements, W-2s, 1099s, bonuses and commissions, other earnings type statements, unemployment statements, and any other evidence of income from all sources for the period December 1, 2021, through June 1, 2023.

(2) Copies of the Debtor's 2020, 2021, and 2022 federal tax returns (complete with any schedules, worksheets and/or attachments).

(3) Copies of all monthly or quarterly account statements for any and all financial accounts including, but not limited to, bank accounts, investment type accounts, retirement accounts, health saving accounts, trade accounts, or any other financial accounts, electronic or otherwise (e.g., PayPal, Cryptocurrency, Zelle, Stocks, Treasury bills, Short-term bonds, Robinhood, etc.) in which the Debtor owns or owned an interest, directly or indirectly,[1] for the period December 1, 2021, through June 1, 2023.

(4) Copies of filed tax returns, year-end financial statements, and all documents used to prepare tax returns, for any and all businesses the Debtor held a direct or indirect interest in for the years 2020, 2021, and 2022.

(5) Copies of all financial statements (e.g., profit and loss, statement of cash flows, balance sheets, QuickBooks reports, Shareholder loans, etc.) for the period December 1, 2021, through June 1, 2023, for any and all entities in which the Debtor held a direct or indirect interest at any point during that period.

(6) Copies of all non-vehicular insurance policies with accompanying riders (e.g., homeowner's insurance, rental insurance, personal property insurance, life insurance, etc.), for which the Debtor is/was a named insured, and/or covering any property in which the Debtor held an interest, directly or indirectly, for the period December 1, 2021, through June 1, 2023.

---

[1] By way of example and not limitation, an indirect interest would include an account that the Debtor kept funds in but that was held in the name of a different individual or an entity.

    (7)    Copies of all vehicle or equipment insurance policies in which the Debtor was a named insured, and/or covering any vehicle or equipment that the Debtor enjoyed the use of, for the period December 1, 2021, through June 1, 2023.

    (8)    Copies of all applications, loan documents, contracts, complaints, and answers for the below listed creditors as well as all monthly billing statements for the period December 1, 2021, through June 1, 2023, for each of the following creditors listed Debtor's Schedule E/F:

        (a)    Best Egg in the amount of $40,110
        (b)    Charles Radovich in the amount of $70,000
        (c)    Cricket Merchant LLC in the amount of $213,500
        (d)    Discover Financial in the amount of $10,222
        (e)    HMC CHP 2244 Corporate LLC in the amount of $39,731
        (f)    National Funding in the amount of $10,000
        (g)    Numark Credit Union in the amount of $40,788

    (9)    A complete copy of Debtor's credit report from either Transunion, Equifax or Experian obtained within the last 90 days. (Note: 1 free annual credit report from each of the 3 credit bureaus is available through www.annualcreditreport.com).

32.    The U.S. Trustee e-mailed a copy of the Subpoena to Lynch on August 9, 2023. On that same day, Lynch responded "Received – thanks for the heads up. I'll start working on it tomorrow."

33.    On September 13, 2023, the U.S. Trustee sent a follow-up e-mail to Lynch inquiring as to the status of the subpoena production.

34.    On October 16, 2023, the U.S. Trustee filed a Motion to Compel Debtor to Comply with Subpoena ("**Motion to Compel**"). This Court granted the Motion to Compel on November 3, 2023. *See dkt. 28*. The order required the Defendant to produce the subpoenaed documents to the U.S. Trustee on or before November 10, 2023, and file a certification with the Court attesting to his full and complete compliance by November 17, 2023.

35.    On November 9, 2023, Lynch provided a copy of the Defendant's credit report.

36. On November 15, 2023, the U.S. Trustee e-mailed Lynch regarding the outstanding subpoenaed documents.

37. On November 23, 2023, Lynch provided the Defendant's 2019, 2021, and 2022 tax returns, along with an amended 2019 tax return. The 2019 tax return was incorrectly labeled "Gallagher 2020 Tax Return." No 2020 tax return was produced.

38. On December 21, 2023, Lynch provided some documents in response to subpoena request numbers 4 and 8 and stated there were no records for requests numbers 6 and 7.

39. On January 9, 2024, Lynch e-mailed the U.S. Trustee advising that the Defendant has been trying to gather information to respond to requests one and three of the Subpoena but due to damage of a storage facility, a lot of the documents were lost.

### IV. The 341 Meeting

40. The Defendant appeared at his meeting of creditors pursuant to 11 U.S.C. § 341 on May 22, 2023 (the "**341 Meeting**").

41. At the outset of the 341 Meeting, Defendant swore or affirmed an oath to tell the truth.

42. During the 341 Meeting, Defendant testified that he had reviewed his bankruptcy petition, schedules, and statements before he signed them, and that they were true and correct.

43. After stating that the bankruptcy documents were accurate and no changes were needed, the Defendant stated the BMW was a 2011 not a 2009.

44. The Defendant stated the business equipment is miscellaneous tools and equipment from his other business, T & M Restoration.

## COUNT I – DEFENDANT FAILED TO
## KEEP OR PRESERVE BOOKS AND RECORDS

45. The U.S. Trustee restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

46. Section 727(a)(3) provides that the court shall grant a debtor a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case…"

47. Plaintiff issued the Subpoena requiring production of certain books and records from the Defendant. The Court issued an order requiring Defendant to produce various books and records. As of the date hereof, only a limited number of documents have been produced by the Defendant to the Plaintiff and the Defendant has indicated that a lot of the documents have been destroyed.

48. Based on the Defendant's failure to produce books and records, Plaintiff, on information and belief, alleges that the Defendant has concealed, destroyed, mutilated, or failed to keep or preserve books and records from which his financial condition may be ascertained.

49. Defendant has failed to establish any circumstances that would justify the failure to produce the subpoenaed books and records.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's discharge pursuant to Section 727(a)(3) of the Bankruptcy Code and for such other relief as is just.

## COUNT II - THE DEFENDANT MADE FALSE OATHS

50. The U.S. Trustee restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

51. Section 727(a)(4) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently makes a false oath or account in connection with a case.

52. Defendant's sworn representations in his Schedule A/B, where he fails to disclose all of his property interests, including his interests in a 2020 Wacker Newson Cab with a VIN ending in 0629, were false.

53. Defendant's sworn representations in his SOFA, where he fails to disclose his interest in T & M Restoration, Inc., were false.

54. Based on one or both of the foregoing, the U.S. Trustee alleges Defendant intentionally made one or more false oaths and accounts in connection with this case and is not entitled to a discharge.

WHEREFORE, the U.S. Trustee respectfully asks the Court to deny Defendant's discharge pursuant to § 727(a)(4) of the Bankruptcy Code and for such other relief as is just.

### COUNT III - THE DEFENDANT HAS FAILED TO SATISFACTORILY EXPLAIN HIS LOSS OR DEFICIENCY OF ASSETS IN VIOLATION OF § 727(a)(5)

55. The U.S. Trustee restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

56. Section 727(a)(5) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities.

57. The Defendant has failed to explain his loss or deficiency of assets to meet his liabilities.

58. The Defendant's Schedules indicate he owes $46,228 in secured debt and $390,868 in unsecured debt.

59. While many of the debts on the Schedules do not provide a date of when they were incurred, those which do indicate that they were incurred in the few years before the Petition Date.

60. Despite substantial debt, the Defendant indicates he has only $24,575 in assets. Additionally, the Defendant was able to obtain significant unsecured credit, which would not be available if he had no income and no assets.

61. The Defendant cannot explain his lack of assets, or the dissipation of assets that he may have had prior to filing.

WHEREFORE, the U.S. Trustee respectfully asks the Court to deny Defendant's discharge pursuant to § 727(a)(5) of the Bankruptcy Code and for such other relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: April 5, 2024    By: /s/ Spencer Ezell
Spencer Ezell, Attorney
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(202) 702-6338